## COLUMBUS McGOWEN v. THE STATE.

### No. 6232.   Decided June 1, 1921.

**Murder—Jury and Jury Law—Waiver—Householder—Freeholder—Rule Stated.**

It has been held that where the accused waives his grounds of challenge for cause and accepts a juror, the trial court may not of his own motion stand said juror aside and proceed without him. Following Lowe v. State, 88 Texas Crim. Rep., 316, and other cases; and where a juror was accepted and later informed the court that he was neither a householder nor a freeholder, and the trial court of its own motion stood said juror aside and proceeded with the formation of the jury over defendant's exceptions, the same was reversible error, although counsel declined before said juror was excused to make any statement or objection to the presence and service of the juror.

Appeal from the District Court of Bowie.   Tried below before the Honorable P. A. Turner.

Appeal from a conviction of manslaughter; penalty, two years' imprisonment in the penitentiary.

The opinion states the case.

*Keeney & Dalby,* for appellant.—Cited cases in opinion.

*R. H. Hamilton,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was charged in the Criminal District Court of Bowie County with the offense of murder, and upon his trial was found guilty of manslaughter, and his punishment fixed at confinement in the penitentiary for a period of two years.

The case must be reversed for error which is admitted and confessed by the Assistant Attorney General. It appears from bill of exceptions No. 1 that the fifth juror who was examined upon his *voir dire* was asked no question by either party as to whether or not he was a householder or freeholder in this State. He was duly accepted as a juror and was sworn to try the case, and took his place in the jury box. Later he informed the court that he was not a householder or a freeholder. Thereupon, the trial court asked appellant's counsel what he desired to do in the premises, and upon appellant's counsel declining to make any statement or further object to the presence and service of said juror, the trial court of his own motion

stood said juror aside and proceeded with the formation of the jury to try the case, appellant excepting to the standing aside of said juror. It seems well settled both by statute and decisions in this State, that all of the grounds of challenge for cause stated in our statute, save three, among which three is not found that of failure to be a householder or a freeholder, may be waived by the accused. It has been held that where the accused waives his grounds of challenge for cause and accepts a juror, that the trial court may not of his own motion stand said juror aside and proceed without him. Lowe v. State, 88 Texas Crim. Rep., 316, 226 S. W. Rep., 647; Tom Crow v. State, recently decided. For the error of the trial court in standing aside said juror of his own motion after he had been accepted and sworn, the case must be reversed. It would have heen proper for the court, after discovering the facts making said juror subject to challenge for, cause, to have offered to appellant an opportunity to exercise said challenge with knowledge of the facts, and upon his failure or refusal to challenge said juror for cause, to have permitted him to continue as such juror throughout the trial of the case. The above requiring reversal, the other errors complained of will not be noticed.

For the error mentioned the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*